# VLADECK, RASKIN & CLARK, P.C.

SUSAN J. WALSH
212.403.7348
swalsh@VLADECK.COM

**VIA ECF AND EMAIL**

March 29, 2020

Hon. Vernon Broderick
United States District Court Judge
United States District Court SDNY
500 Pearl Street
New York, New York 100017

    Re:    *United States v Chaz Jones*, 19 Cr 125 (VSB)

Dear Judge Broderick:

    I write on behalf of Chaz Jones in reply to the Government's opposition to the defense application for the temporary release of Mr. Jones into the custody of his mother pursuant to 18 U.S.C. 3145(c). The circumstances of this case, indeed the circumstances of the current world pandemic are nothing short of exceptional under any definition of the word. The country and in particular, New York City face an unprecedented crisis as a result of this rampant contagion never before experienced in the modern world. It is nothing short of a moral imperative that those of us who remain healthy use every lawful tool within our power, to spare the lives of others by tamping down on the virulent spread of the infection. Chaz Jones is a young man who has so far overcome a rare form of childhood leukemia. He has once suffered a brush with death and while there is no certainty that his history of cancer is a risk factor for infection, his medical providers confirm, that his "history coupled with his incarceration may put him at increased risk of infection." (Exhibit A, Letter of Kate Passero, Pediatric Nurse Practitioner at Mt. Siniai Medical Center).

    Notwithstanding the Government's purported confidence in the level of preparation and medical care in the Federal Bureau of Prisons, since the application on behalf of Mr. Jones was filed, the United States Attorney General has called for the prioritization of home confinement within the BOP "to protect the health and safety of BOP personnel and the people in our custody." (Exhibit A, Memorandum of US Attorney William Barr). The organized bar in New York City has called for the appropriate supervised release of prisoners and cautioned that "waiting longer to release incarcerated

individuals will jeopardize public health for all New Yorkers" [1] And, the Courts of both the Southern and Eastern Districts of New York have begun responding to address the crisis within the jails with bail.

In the Southern District judges have begun to view the bail calculus for defendants who were previously detained to have shifted in light of COVID-19. One of the first such judges, Judge Alison Nathan in the Southern District of New York reversed herself "in light of circumstances that have changed since the March 6 hearing," namely, "the unprecedented and extraordinarily dangerous nature of the COVID-19 pandemic." *United States v. Stephens*, 15 Cr. 95 (AJN) (Mar. 19, 2020)(noting that "[a] comprehensive view of the danger the Defendant poses to the community requires considering all factors," including COVID-19.') The list of Judges on both sides of the Brooklyn Bridge recognizing the severity of the threat in terms of bail applications is growing.

The threat of coronavirus led Judge Ramos to release a formerly detained individual on bail. *See United States v. Santiago Ramos*, 20 Cr. 04 (ER) (denying government's request for revocation and detention of defendant charged with wire fraud, despite government's allegations defendant had continued to commit felonious conduct and had violated his initial conditions of pre-trial release by seeking to defraud additional investors and communicating with witnesses and victims without counsel, due to the risk of the COVID virus); *See also United States v. Roman, 19 Cr 116 (KMW)* (granting post-plea release of convicted prisoner awaiting sentence under 18 U.S.C. 3145 c); United States v. Scott, 16 Cr 626 (KMK) (post plea pre-sentence temporary release granted); *United States v. Baker*, 20 Cr. 125 (KMK) (releasing, after defendant was detained on consent without prejudice, defendant charged with conspiracy and possession with intent to distribute controlled narcotics substances) (March 24, 2020); *United States v. Lopez*, 19 Cr. 323 (JSR) (March 23, 2020); *United States v. Almaleh*, 17 Cr. 25 (NSR) (releasing, with government consent, two elderly defendants charged with conspiracy to commit bank fraud, bank fraud, wire fraud, and false statements to the FDIC, because of high COVID risk of defendants. Defendants had previously been released on bail, but were remanded to detention for continuing criminal conduct and violations of the terms of their release.) (March 22, 2020); *United States v. Vizzari*, 19 Cr. 767 (VSB) (releasing defendant awaiting sentencing after pleading guilty to possession with intent to distribute heroin and violation of parole in a prior conviction for possession with intent to distribute heroin, because his age and health conditions presented exceptional COVID risk) (March 20, 2020); *United States v. Brandon*, 19 Cr. 644 (GBD) (releasing on his own recognizance, over government's objection that defendant was a serial and continuous violator of the law, defendant awaiting sentencing on a guilty plea to escape from federal custody in failing to report to a halfway house, based on an underlying 24-month sentence for violation of his supervised release from a 2009 conviction for access device fraud and identity theft, because of COVID risk) (March 19, 2020); *see also, United States v. Echeverria*, 15 Cr 445 (PAE)(urging BOP release of convicted prisoner from MDC to complete remainder of sentence in home confinement); *United States v. Jose Perez*, 19 Cr. 297 (PAE)(Over the government's objections, granted bail to a defendant because of his progressive lung disease, noting that it is one of the risk factors identified by the CDC.)

---

[1] https://www.nycbar.org/media-listing/media/detail/statement-of-the-new-york-city-bar-association-urging-immediate-steps-to-reduce-prison-and-jail-populations-to-prevent-spread-of-the-covid-19-virus

This morning the Federal Bureau of Prisons announced the first death of an inmate in custody due to the corona virus. [2]   Surely and sadly, it is the first of what is likely to be thousands of deaths. All reports indicate that the nation itself is grossly unprepared for the medical crisis that is unfolding. We should embrace every opportunity available where we are still able to reduce some of that risk to our more vulnerable citizens, particularly where we can do so to reasonably assure the safety of the community both within and outside of the federal jails.

For these reasons and for those in the defendant's original submission, we respectfully urge that this Court temporarily release Mr. Jones into the custody of his mother, Denise Nathan. In her home, Chaz Jones has a room of his own, where he can be quarantined and detained on house arrest until the risk to him and others in the jail subsides and he can safely return to custody to serve the remainder of his sentence with reasonable assurance he will survive his term of incarceration.

Respectfully submitted,

/s/ Susan J. Walsh
Attorney for Chaz Jones

CC:   AUSA Jacob Warren and AUSA Michael Longyear  (via ECF and email)

---

[2]   https://abc7chicago.com/health/1st-federal-inmate-dies-from-coronavirus;-health-experts-consider-jails-prisons-potential-epicenters/6060003/;

1092527 v1

1092527 v1