```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
UNITED STATES OF AMERICA,                                   :
                                                            :
              - against -                                   :       19-CR-125 (VSB)
                                                            :
                                                            :       OPINION & ORDER
CHAZ JONES,                                                 :
                                                            :
                              Defendant.                    :
                                                            :
------------------------------------------------------------X
```

VERNON S. BRODERICK, United States District Judge:

      Before me is the motion for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A) of Chaz Jones ("Defendant" or "Jones"). Jones seeks a reduction of his 60-month sentence to time served. He argues that this reduction is merited given his youth at the time of his offense, his medical conditions, and the unexpected harshness of his incarceration due to the COVID-19 pandemic. Although I recognize the weight of these difficulties, they are not the kind of extraordinary and compelling circumstances that the statute requires for a sentence reduction. Therefore, Jones's motion is DENIED.

      **I.**      **Background and Procedural History**

      On November 25, 2019, Jones appeared before me and pled guilty to one count of carrying a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i). (Doc. 84-3 ¶¶ 2–3.) Specifically, between 2014 and 2019, Jones sold crack cocaine near the George Washington Carver Houses as part of a group called the "Carver Houses Crew." (*Id.* ¶ 9.) He carried a firearm while selling these drugs. (*Id.* ¶ 11.) On September 17, 2020, I sentenced Jones to the mandatory minimum of 60 months' imprisonment, a five-year

term of supervised release, and a $100 special assessment.  (*See* Doc. 74.)

Jones moved for a sentence reduction on October 28, 2021.  (Doc. 79.)[1]  He then moved for the appointment of counsel to assist with this motion.  (Doc. 82.)  I granted that request on December 7, 2021.  (Doc. 83.)  His counsel submitted further briefing on July 14, 2022, (Doc. 84), the Government opposed the motion on September 12, 2022, (Doc. 86), and Jones replied on September 19, 2022, (Doc. 87).

After his motion was briefed, Jones informed me that he was set to be released to a halfway house on January 17, 2023.  (Doc. 96 at 1.)  The Federal Bureau of Prisons Inmate Locator (the "Inmate Locator") indicates that he has been released from prison and is being supervised by the Bureau of Prisons New York Residential Reentry Management field office.[2]

## II.     Legal Standards

"A court may not modify a term of imprisonment once it has been imposed except pursuant to statute."  *United States v. Gotti*, 433 F. Supp. 3d 613, 614 (S.D.N.Y. 2020).  One exception is the sentence reduction provision codified at 18 U.S.C. § 3582(c)(1)(A).[3]  This statute "provides that a district court may reduce a defendant's term of imprisonment after considering the factors set forth in Section 3553(a), if it finds extraordinary and compelling reasons warrant such a reduction and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  *United States v. Granger*, No. 21-423-CR, 2022 WL 1132495, at *1 (2d Cir. Apr. 18, 2022) (cleaned up).

---

[1] A version of this motion was also filed at Doc. 80.

[2] See Federal Bureau of Prisons Find an Inmate (last visited March 29, 2023), available at https://www.bop.gov/mobile/find_inmate/byname.jsp.

[3] While this is frequently referred to as a "compassionate release" provision, that term "is a misnomer" because "18 U.S.C. § 3582(c)(1)(A) in fact speaks of sentence reductions."  *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020)

The factors in 18 U.S.C. § 3553(a) (the "§ 3553(a) factors") include "the nature and circumstances of the offense;" "the history and characteristics of the defendant;" "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;" "the kinds of sentences available;" and "the need to avoid unwarranted sentence disparities." *See* 18 U.S.C. § 3582(c)(1)(A) (citing 18 U.S.C. § 3553(a)). "[A] district court's discretion in this area—as in all sentencing matters—is broad." *United States v. Brooker*, 976 F.3d 228, 237 (2d Cir. 2020).

The relevant Sentencing Commission policy statement is nominally found in United States Sentencing Commission Guidelines Manual 2021, Reduction in Term of Imprisonment Under 18 U.S.C. § 3582(c)(1)(A) § 1B1.13 (2021). However, this policy statement was last amended November 1, 2018. As of January 12, 2023, amendments accounting for the passage of the First Step Act, which changed the operation of 18 U.S.C. § 3582(c)(1)(A), were still pending. *See United States v. Russo*, 454 F. Supp. 3d 270, 273 (S.D.N.Y. 2020) ("U.S.S.G. § 1B1.13 has not been amended since the First Step Act permitted a defendant to move for compassionate release over the objection of the Bureau of Prisons"); United States Sentencing Commission, U.S. Sentencing Commission Seeks Comment on Proposed Revisions to Compassionate Release, Increase in Firearms Penalties (January 12, 2023), available at https://www.ussc.gov/about/news/press-releases/january-12-2023. Thus, "Guideline § 1B1.13 is not 'applicable' to compassionate release motions brought by defendants" and district courts retain "discretion to consider whether any reasons are extraordinary and compelling." *Brooker*, 976 F.3d at 236.

A court may still only grant a sentence reduction "upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all

3

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

### III.   Discussion

It is uncontested that Jones has exhausted his administrative remedies. (*See* Doc. 84 at 7, Doc. 84-1 at 2). The only issues are (1) whether extraordinary and compelling circumstances exist and (2) if the § 3553(a) factors merit a sentence reduction.

As a preliminary matter, Jones's motion is not mooted by his release to a halfway house. Although some courts have suggested that release to a halfway house automatically moots a motion for a sentence reduction, *see, e.g.*, *United States v. Sanchez*, No. 16-CR-2077-BEN, 2021 WL 5999764, at *1 (S.D. Cal. Dec. 17, 2021) (finding that transfer to a halfway house mooted a motion for a sentence reduction), courts in this District have found such a motion is not mooted so long as a decision might still influence the terms of a person's sentence, *see, e.g.*, *United States v. Tagliaferri*, No. 13 CR. 115 (RA), 2019 WL 6307494, at *3 (S.D.N.Y. Nov. 25, 2019) (motion for a sentence reduction was not mooted by transfer to a halfway house); *United States v. Sanchez*, No. 16 CR 500 (RMB), 2022 WL 1315551, at *3 (S.D.N.Y. May 3, 2022) (analyzing a motion for a sentence reduction despite defendant's transfer to a halfway house).

I concur with my colleagues that transfer to a halfway house does not automatically moot a sentence reduction motion. "In general a case becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Murphy v. Hunt*, 455 U.S. 478, 481 (1982) (cleaned up). That is not the case here. As in *Tagliaferri*, Jones still has an interest in the outcome of this motion because reducing his sentence to time served would allow him to end his term of confinement and begin his term of supervised release. 2019 WL

4

6307494, at *2.

However, while Jones's transfer to a halfway house does not moot his motion, I do consider the implications of his release in my analysis of whether his case presents extraordinary and compelling circumstances. *See, e.g.*, *id.* at *3 ("[A]lthough [defendant's] request for compassionate release is not technically 'moot' as a legal matter, the Court nonetheless concludes that recent developments [including transfer to a halfway house] have obviated the need for granting him such relief.")

### A. *Jones Fails to Demonstrate Extraordinary and Compelling Circumstances*

Jones fails to demonstrate the existence of the extraordinary and compelling circumstances required by 18 U.S.C. § 3582(c)(1)(A)(i). The bases for Jones's motion are: (1) the unusually harsh conditions of his confinement given the COVD-19 pandemic, (Doc. 84 at 8–9), (2) his youth when he committed the offense, (*id.* 9–11), and (3) medical conditions that cannot be adequately managed while he is incarcerated, (*id.* 12–13.)

I begin with Jones's youth. He was 18 in 2014 when the criminal conduct began and 22 by the time it ended. (*Id.* 1, 9.) A court may consider a defendant's youth (usually a period from 18 into the early 20s) in evaluating if extraordinary and compelling circumstances exist. *See, e.g.*, *United States v. Ramsay*, 538 F. Supp. 3d 407, 424 (S.D.N.Y. 2021); *United States v. Golding*, No. 05-CR-538 (JSR), 2022 WL 2985014, at *2 (S.D.N.Y. July 27, 2022); *United States v. Rengifo*, 569 F. Supp. 3d 180, 194 (S.D.N.Y. 2021). Here, however, two factors diminish the weight of this consideration.

First, I was aware of Jones's age when I originally sentenced him. When a court considers a defendant's youth in the initial sentencing, that factor may be less salient in a

subsequent assessment of extraordinary and compelling circumstances. [4] *See, e.g.*, *United States v. Chambliss*, No. 09-CR-274-2 (CS), 2022 WL 4110246, at *1 (S.D.N.Y. Sept. 7, 2022) (placing less emphasis on a defendant's youth where the court "was aware of Defendant's youth and upbringing at the time of sentencing and took them into account in imposing a below-Guidelines sentence"); *United States v. Cueto*, No. 11 CR. 1032-80 (PAE), 2021 WL 621188, at *5 (S.D.N.Y. Feb. 17, 2021) (placing less emphasis on age where "[t]he Court at sentencing already took account of [Defendant's] age in determining the just sentence.")  Both the Government, (Doc. 72 at 3), and Jones, (Doc. 71 at 1–2), noted his age as a consideration in their pre-sentencing submissions, and I considered this in sentencing Jones.  Therefore, I find that Jones's youth has limited weight in my present analysis.

Second, Jones's offense is one where youth is less relevant as a mitigating factor. *Ramsay*, notes that "in high-pressure, time-sensitive, emotional contexts . . . adolescents tend to make riskier decisions."  538 F. Supp. 3d at 419–20.  Conversely, "[w]hen it comes to academic or deliberative decisions . . . adolescents 16 and older reason about as well as adults."  *Id.* at 419.  Thus, in *Ramsey*, youth was particularly relevant because the crime involved "a split-second, hot-headed choice made in the presence of peers."  *Id.* at 424; *see also Golding*, 2022 WL 2985014, at *3 (noting that defendant's "immaturity at 20 made him more likely to make mistakes in 'high-pressure, time-sensitive, emotional contexts,' such as the fast-paced and violent car chase that led to his conviction.")  On the other hand, in *United States v. Ramirez*,

---

[4] Alternatively, youth may be relevant when a defendant is facing a particularly long sentence that provides the court with an opportunity to consider their long-term development and rehabilitation.  *See, e.g.*, *United States v. Banks*, No. 99 CR. 1048-1 (DC), 2022 WL 16549304, at *7 (S.D.N.Y. Oct. 31, 2022) (a court's evaluation of a sentence reduction for a defendant serving an effective 372-month sentence offenses committed beginning at age 20 "encompasses both the person [the defendant] was at the time he was drawn into the [criminal] network and the person he has shown he is today."); *United States v. Rengifo*, 569 F. Supp. 3d 180, 194 (S.D.N.Y. 2021) (noting that a defendant who was serving a 180 month sentence for a crime committed at 23 had "subsequently demonstrated an impressive degree of maturation and rehabilitation").  Jones's 60-month sentence is comparatively short, and I do not find that so much time has passed that his youth, subsequent rehabilitation, and maturation are factors here.

6

youth was less relevant because the defendant engaged in "repeated and calculated decisions to engage in dangerous criminal activity over several years." 571 F. Supp. 3d 40, 49 (S.D.N.Y. 2021). Jones's criminal conduct took place over several years, so it is not the kind of split-second choice for which youth is an especially salient factor.

Turning to Jones's medical conditions, these are no longer an extraordinary and compelling circumstance given Jones's release to a halfway house. Jones states that he developed Burritt's Lymphoma as a child. (Doc. 84 at 12.) Although the condition was successfully treated, Jones needs to be scanned for recurrences. (*Id*.) He also reports being diagnosed with major depressive disorder and a recurrent anxiety disorder, all of which may be harder to manage in a correctional setting. (*Id.*) These concerns, however, are less impactful now that he has been transferred into a residential facility from a prison. *See, e.g.*, *Sanchez*, 2022 WL 1315551, at *3 (finding that concerns about medical treatment in prison were no longer extraordinary and compelling circumstances once a person was transferred to a halfway house); *Tagliaferri*, 2019 WL 6307494, at *4 (a sentence reduction motion based primarily on medical concerns was not appropriate where a defendant had been released to a halfway house). Additionally, Jones raised these health concerns in his presentencing submission, (Doc. 71 at 3), and, like his youth, I considered this in my original sentence. Accordingly, these factors similarly have little weight in this analysis.

The last item is the increased harshness of Jones's incarceration given the challenges imposed by the COVID-19 pandemic. (Doc. 84 at 8–9.) Although consideration of the challenges related to COVID-19 can support a finding of extraordinary and compelling circumstances in conjunction with other factors, increased harshness alone does not provide extraordinary and compelling circumstances. *See, e.g.*, *United States v. Farmer*, No. 19-CR-427

(LTS), 2022 WL 47517, at *4 (S.D.N.Y. Jan. 5, 2022) ("While the Court is sympathetic to the poor conditions many prisoners have faced during the pandemic, generalized statements about the conditions of confinement do not constitute compelling reasons for compassionate release."); *Ramirez*, 571 F. Supp. 3d at 47 ("If the challenging conditions of confinement caused by the pandemic warranted a sentence reduction here, essentially every inmate who has been in BOP custody at any time since March 2020 would be entitled to a sentence reduction."); *United States v. Gonzalez*, No. 19-CR-467 (PKC), 2022 WL 16919842, at *5 (S.D.N.Y. Nov. 14, 2022) ("Even if Gonzalez had endured unexpectedly harsh conditions, the harsh conditions of imprisonment occasioned by the COVID-19 pandemic are not, without more, sufficiently extraordinary and compelling to warrant compassionate release.") (cleaned up); *United States v. Bryant*, No. 06-CR-17-LTS, 2021 WL 738838, at *3 (S.D.N.Y. Feb. 24, 2021) (harsh conditions of confinement during COVID-19 "are not unique to [Defendant] and do not militate strongly in favor of finding there are extraordinary and compelling reasons for a sentence reduction.")  As neither Jones's youth or medical conditions weigh in favor of release, the only factor weighing in favor of finding extraordinary and compelling circumstances is the harshness of his conditions of confinement and this alone is not sufficient to merit a sentence reduction.

### B.     *The 3553(a) Factors Weigh Against A Sentence Reduction*

Even if Jones presented extraordinary and compelling circumstances, the § 3553(a) factors weigh against granting a sentence reduction.  From 2014 to 2019, Jones carried a firearm while selling crack cocaine for the Carver Houses Crew, (Doc. 84-3 ¶¶ 9, 11), a serious offense for which I sentenced him to the mandatory minimum term of 60 months' imprisonment.  (*See* Doc. 74.)  Jones now argues primarily that a reduction is merited because no one was harmed and no property was damaged during his offense (Doc. 84 at 14), that release is appropriate given

his age, potential for rehabilitation, and difficult youth (*id.* 14–16), and that the purpose of his sentence has been served given that he has served 70 percent of his sentence, (*id.* 16–17). Most of this information, however, was before me when I initially considered the appropriate sentence for Jones and nothing he presents now suggests any reason to weigh these factors any differently than I did at sentencing.

I further note that courts in this District presented with similar circumstances have declined to grant sentence reductions. Both *United States v. Ashe*, No. 18CR41 (DLC), 2021 WL 5401711, at *1 (S.D.N.Y. Nov. 18, 2021), *United States v. Newkirk*, No. 18 CR 699 (CM), 2020 WL 7260739, at *3 (S.D.N.Y. Dec. 10, 2020), found that the § 3553(a) factors did not weigh in favor of a sentence reduction where a defendant was convicted of carrying a firearm during a drug offense and was then sentenced to the 60-month mandatory minimum. While every defendant presents a unique set of circumstances, these two cases bear marked similarities to Jones's case. I am also mindful that one of the § 3553(a) factors is "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." 18 U.S.C. § 3553(a)(6). Given the similarities between Jones's conduct and these cases, the § 3553(a) factors do not weigh in favor of a sentence reduction.

### IV.     Conclusion

Jones has failed to demonstrate extraordinary and compelling circumstances that would warrant the reduction of his sentence and early release and his motion for a sentence reduction is therefore DENIED.

The Clerk of Court is respectfully directed to terminate the motions at Docs. 79, 80, and 84. The Clerk of Court is further respectfully directed to mail a copy of this Opinion & Order to Jones.

SO ORDERED.

Dated: April 13, 2023
      New York, New York

*[Signature: Vernon Broderick]*

Vernon S. Broderick
United States District Judge